## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STEPHEN F. BARNETT,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-16-406** |
| **UNITED STATES OF AMERICA,** *et al.,* | * | |
| **Defendants** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM

Stephen F. Barnett ("Plaintiff"), a citizen of Maryland, brought a negligence action against the United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA" or the "Act"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, seeking compensation for injuries he sustained when he tripped and fell on a public sidewalk in the vicinity of the Baltimore-Washington Science and Industry Center.  Plaintiff named as additional Defendants Anne Arundel County, Maryland (the "County"); Brit Limited Partnership d/b/a Beco Management, Inc. ("Beco"); and 857 Elkridge Landing Road Holdings, LLC ("Holdings").  On April 5, 2016, Plaintiff filed an Amended Complaint (ECF No. 23); Beco and Holdings both answered the Amended Complaint (ECF Nos. 27 & 36).  Now pending before the Court are (1) the Government's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 29), filed pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure; and (2) the County's Motion to Dismiss the Amended Complaint or in the Alternative, Motion for Summary Judgment (ECF No. 28), filed pursuant to Rules 12(b)(6) and 56.[1]  The issues have

---

[1] Also pending is the County's Motion to Dismiss or [in] the Alternative Motion for Summary Judgment (ECF No. 14) as to Plaintiff's original Complaint, which motion shall be TERMINATED AS MOOT.

been briefed, and no hearing is required, *see* Local Rule 105.6 (D. Md. 2014).  For the reasons explained below, the Government's motion—construed as a motion to dismiss—will be GRANTED, and Plaintiff's FTCA claim will be DISMISSED; the County's motion—likewise construed as a motion to dismiss—will be GRANTED IN PART; and the Court will DISMISS Plaintiff's claims as against the County, Beco, and Holdings, WITHOUT PREJUDICE and with LEAVE TO REFILE in state court.

## I.    *Background*[2]

On April 17, 2013, Plaintiff tripped and fell on what he characterizes as an "uneven public sidewalk" located at the exit of the "H" lot at 845 Elkridge Landing Road, Linthicum, Maryland.  (ECF No. 23 ¶ 23.)  Plaintiff alleges that the "H" lot is owned by the United States Army Corps of Engineers ("USACE") and leased by the National Security Agency ("NSA").  (*Id.* ¶¶ 10-11.)  He adds that Holdings owns, and Beco manages, the International Tower Building located at 857 Elkridge Landing Road.  (*Id.* ¶¶ 3-4.)  The subject sidewalk runs alongside these two addresses.

As a result of his fall, Plaintiff sustained serious injuries, including tooth fractures, a lip laceration, bruising, and a closed-head injury.  (*Id.* ¶ 24.)  Plaintiff contends that there is "clear liability on the part of the entity responsible for routine maintenance and repair of the sidewalks within the Baltimore-Washington Science and Industry Center."  (*Id.* ¶ 8.)  As grounds for this "clear liability," Plaintiff cites what he represents to be a provision of the Anne Arundel County Code but what appears instead to be an excerpt from a county webpage titled *Sidewalk Repair*. (*Id.*)[3]   Uncertain which entity is responsible for sidewalk maintenance, Plaintiff sued the

---

[2] The facts are recited here as alleged by Plaintiff, the Government and the County having moved to dismiss.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).
[3] The webpage suggests that, "[i]n accordance with Section 13-2-205 of the Anne Arundel County Code, routine maintenance and repair of sidewalks is the responsibility of the abutting property owner unless the County has

Government, the County, Holdings, and Beco, accusing each of "failing to conduct routine maintenance and repair of [the] sidewalk . . . including[] their failure to set up cones, rope, or other barriers around the damaged sidewalk for the purpose of warning pedestrians of the hazard of the uneven pavement." (*Id.* ¶ 32.)

The Government moved to dismiss on the theory that (1) Plaintiff failed to allege negligence on the part of a federal employee, and consequently the Court lacks subject-matter jurisdiction over his FTCA claim; or, alternatively, (2) Plaintiff failed to allege a cognizable duty on the part of the Government to maintain the subject sidewalk, and accordingly his claim must be dismissed on its merits. The Court agrees that Plaintiff's FTCA claim must be dismissed; it declines to exercise jurisdiction over Plaintiff's remaining state-law claims, and so it does not reach the arguments raised in the County's motion.

## II.   *Standard of Review*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject-matter jurisdiction. "A defendant may raise a Rule 12(b)(1) issue in one of two ways." *Equal Rights Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 514 (D. Md. 2010). First, the defendant may dispute the jurisdictional allegations in the complaint, in which case the district court may "'go beyond the allegations of the complaint' and hold an evidentiary hearing to 'determine if there are facts to support the jurisdictional allegations.'" *24th Senatorial Dist.*

---

damaged the sidewalk in some manner." *Sidewalk Repair*, ANNE ARUNDEL COUNTY DEP'T PUB. WORKS, http://www.aacounty.org/departments/public-works/highways/road-maintenance/Roadside_Maintenance/sidewalk-repair. However, as discussed below, section 13-2-205 actually places responsibility for sidewalk maintenance on the County's Department of Public Works ("DPW"), with a caveat that the DPW may give notice to a property owner requiring him to undertake sidewalk repairs if it determines that such repairs are "required in the interest of public safety and welfare." § 13-2-205(a). The property owner is entitled to a hearing if he disagrees with the DPW's directive. § 13-2-205(c).

Setting aside that the text of the *Sidewalk Repair* webpage seems *ultra vires* and is, in any event, trumped by the plain language of the County Code, the Court notes that the webpage text—which directs property owners to conduct *routine* maintenance and repairs—would not necessarily give rise to a presumption that an owner is responsible for sidewalk reconstruction. The webpage advises homeowners to eliminate "slipping hazards" such as water, leaves, and snow; it says nothing about cement work.

*Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  Second, the defendant may contend that the complaint fails to allege facts upon which subject-matter jurisdiction can be based.  *Id.*  In this second scenario, the court must grant the plaintiff the same protection to which he would be entitled under Rule 12(b)(6)—that is to say, the court takes all well-pleaded factual allegations as true.  *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).  Even so, the court is "not obligated to assume that [the] plaintiff's *legal conclusions or arguments* are also true."  *Falwell v. City of Lynchburg*, 198 F. Supp. 2d 765, 772 (W.D. Va. 2002); *accord Stephenson v. Panera Bread, LLC*, Civ. No. PJM 14-700, 2014 WL 2436133, at *2 (D. Md. May 29, 2014); *Du Daobin v. Cisco Sys., Inc.*, 2 F. Supp. 3d 717, 721 (D. Md. 2014); *Doe v. Sebelius*, 676 F. Supp. 2d 423, 428 (D. Md. 2009), *aff'd sub nom. Doe v. Obama*, 631 F.3d 157 (4th Cir. 2011).

While Rule 12(b)(1) is directed toward threshold jurisdictional defects, Rule 12(b)(6) is implicated when the plaintiff fails to state a plausible claim for relief.  In analyzing a Rule 12(b)(6) motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

4

### III.  Analysis

#### A.   The Government's Motion to Dismiss (ECF No. 29)

In his Amended Complaint, Plaintiff accuses the Government of negligent sidewalk maintenance.  "Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."  *Kerns*, 585 F.3d at 193-94.  The FTCA represents just such a statutory waiver: however, by its terms, it applies to a narrow class of claims.  Specifically, the Act confers jurisdiction on district courts over "civil actions . . . against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," but only to the extent that a nongovernmental party would be liable for such an act/omission under the law of the state where the act/omission occurred.  28 U.S.C. § 1346(b)(1).  The FTCA, like any other waiver of sovereign immunity, must be "strictly construed . . . in favor of the sovereign."  *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *accord Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) ("Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States.").  The FTCA "applies only to the acts of federal employees," *Berkman v. United States*, 957 F.2d 108, 111 (4th Cir. 1992), and it only "serves to convey jurisdiction when [an] alleged breach of duty is tortious under state law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law," *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (quoting *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992)).

In its brief in support of its Motion to Dismiss, the Government observes that Plaintiff's Amended Complaint "alleges Plaintiff tripped and fell on a public sidewalk, but lacks any factual

allegations concerning the negligence of 'any employee of the Government while acting within the scope of his office or employment' that proximately caused Plaintiff's fall." (ECF No. 29–1 at 6 (quoting 28 U.S.C. § 1346(b)(1)).)  The Court agrees.  Apart from his conclusory assertions about the Government's liability, Plaintiff's only real factual allegation concerning the Government is that it owns the "H" lot, upon which lot his accident did *not* occur.  Plaintiff does not identify any particular Government agents or employees who shirked some responsibility or took some action contributing to his accident.  Further, to the extent that Plaintiff relies on the County's *Sidewalk Repair* webpage to bolster his claim that the USACE and/or NSA (along with other abutting property owners) was responsible for sidewalk maintenance, that notion is undercut by the County Code, which provides that the County's Department of Public Works ("DPW") "shall construct, maintain, repair, improve, protect, preserve, rebuild, and control the roads, sidewalks, storm drains, bridges, and other appurtenances," as the DPW deems appropriate.  § 13-2-101(a).  Although the County Code further provides that the DPW *may* "cause and direct the owner of real property that abuts a road to . . . repair . . . a sidewalk" if the DPW determines that such work is "required in the interest of public safety and welfare," § 13-2-205(a), Plaintiff nowhere alleges that the DPW gave any such direction to either the USACE or the NSA.  For its part, the County asserts that it did not even know about the uneven sidewalk, and it "could not have taken action pursuant to [the] County Code to direct the other [D]efendants to fix the sidewalk unless [it] had notice of the dangerous condition in the first place.  (ECF No. 28–1 at 5.)[4]

---

[4] In his opposition brief, Plaintiff complains that the Government "contends . . . without any evidence in support, that the sidewalk where [he] was injured was a public walkway which it did not construct" and that this is a "matter to be resolved through discovery." (ECF No. 32 at 2.)  Plaintiff seems here to suggest that the subject sidewalk may be privately owned.  But that theory is inconsistent with the allegations in Plaintiff's controlling Amended Complaint, in which he repeatedly describes the sidewalk as "public." (*See* ECF No. 23 ¶¶ 1, 23, 32, 36.)  Plaintiff's new theory is further belied by his somewhat conflicting assertion that the "Infrastructure Management Division of the Department of Public Works represents on its website that it is responsible for the inventory, inspection, and

Moreover, the County Code's allocation of sidewalk-maintenance duties is consistent with the position Maryland courts have taken. *See Bethesda Armature Co. v. Sullivan*, 424 A.2d 397, 399 (Md. Ct. Spec. App. 1981) (explaining that it is "well settled that where the area in question is part of a public walkway, the duty of care and maintenance (and the concomitant liability arising from the negligent performance of that duty) generally rests with the local body politic and not with the abutting property owner"); *see also Higgins v. City of Rockville*, 587 A.2d 1168, 1173 (Md. Ct. Spec. App. 1991) ("Our case law has . . . regularly held that a municipality has a 'private proprietary obligation' to maintain its streets, as well as the sidewalks, footways and the areas contiguous to them, in a reasonably safe condition." (citation omitted)).

Because Plaintiff has failed to allege sufficient (or, really, *any*) facts tending to show that his injury was caused by a "wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b)(1), the Court suspects that it lacks subject-matter jurisdiction over Plaintiff's FTCA claim. This is so because the FTCA represents a *narrow* exception to the Government's broad, inherent immunity from civil suit. *See Williams*, 50 F.3d at 305 ("The federal courts have observed that the exceptions to immunity under the FTCA are narrow, thereby preserving congressional intention to immunize the United States from various classes of suits."). In *Williams*, the Fourth Circuit held that the district court—which granted summary judgment in favor of the United States—should have instead dismissed the plaintiff's claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *Id.* at 311. Although the defects in the *Williams* plaintiff's FTCA theory were factually distinct from those here (*i.e.*, the alleged tortfeasor in that case was an independent contractor, and the Government's delegation to that contractor was protected by the Act's

repaving of County-maintained roads[ and] services which include sidewalk repairs" (*see* ECF No. 30 at 4), and by the County's admission that it twice repaired portions of the Elkridge Landing Road sidewalk in 2011 (*see* ECF No. 28–2 at 2).

discretionary-function exception), the underlying principle is instructive: "while the FTCA is a grant of jurisdiction that provides for a limited waiver of sovereign immunity, if [an] exception applies to limit the waiver of sovereign immunity, the jurisdictional grant is not available, and the federal court lacks jurisdiction to hear the case," *id.* at 304-05 (citations omitted). In any event, even assuming *arguendo* that the Court has jurisdiction to evaluate the merits of Plaintiff's FTCA claim, he has failed to plead sufficient factual content from which the Court can plausibly infer that the Government is or may be responsible for his injury. "Only speculation can fill the gaps in [his] complaint[.]" *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 586 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016). Accordingly, the Court will GRANT the Government's Motion to Dismiss and DISMISS Plaintiff's FTCA claim.

### B. The County's Motion to Dismiss (ECF No. 28)

In its brief accompanying its pending Motion to Dismiss, the County does not disclaim responsibility for the Elkridge Landing Road sidewalk;[5] rather, it contends that it had neither actual nor constructive notice of the defect. (*See* ECF No. 28–1 at 4-5.) Whatever the merits of the County's defense, the Court demurs from addressing it, as the Court either lacks or, alternatively, declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

As discussed above, because Plaintiff failed to plausibly allege that his injury resulted from the negligence of government employees acting within the scope of their employment, the Court is persuaded that it lacks subject-matter jurisdiction over Plaintiff's FTCA claim. But that claim is the *only* claim in this lawsuit over which the Court would have had original jurisdiction:

---

[5] The County's position on this matter has shifted somewhat since the outset of this litigation. In its motion to dismiss Plaintiff's original Complaint, the County suggested that it was the "responsibility of [the Government] and [Holdings] to repair and maintain the sidewalk." (ECF No. 14–1 at 8.) In its brief in support of its pending motion, however, the County writes that "Plaintiff misunderstands the application of [the] County Code, which only gives the County authority to direct abutting landowners to undertake repairs of sidewalk once the County has given notice to them." (ECF No. 28–1 at 11.) In its reply brief, the County emphasizes that it "has not argued that the co-defendants are responsible for injuries occurring on its sidewalk." (ECF No. 31 at 7 n.5.)

Plaintiff presents no other federal question, and the parties are not totally diverse.  Without original jurisdiction, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367(a):  there is nothing left to which supplemental jurisdiction can attach.  *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 3567 (3d ed. 2008) ("[S]upplemental jurisdiction does not—and cannot—operate to get a *case* into federal court.  Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction."); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action."); *accord Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011).  Under such circumstances, the appropriate course of action is to dismiss the invalid federal claim(s) under Rule 12(b)(1) and dismiss the remainder of the complaint without prejudice.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Alternatively, even if the Court had subject-matter jurisdiction over Plaintiff's FTCA claim, it would dismiss that claim on its merits for the reasons discussed above.  The Court would further decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, a decision committed to its sound discretion.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *see also Bishop v. County of Macon*, 620 F. App'x 148, 150 (4th Cir. 2015) (per curiam) ("The doctrine of supplemental jurisdiction allows district courts 'authority to decline to exercise supplemental jurisdiction in limited circumstances, including . . . where the court dismisses the claims over which it has original jurisdiction.'  In deciding whether to exercise supplemental jurisdiction, a court should consider 'the values of judicial economy, convenience, fairness, and comity.'" (citations

omitted)).  Where, as here, litigation has only recently commenced, and Plaintiff's theory would require the Court to ascertain, *inter alia*, the extent of a county government's liability for trip-and-fall accidents on public property, it is eminently more appropriate for the Court to relinquish its jurisdiction (if any) over Plaintiff's state-law claims and permit him to replead, if he so wishes, in state court.

## IV.  *Conclusion*

For the foregoing reasons, an Order shall enter GRANTING the Government's Motion to Dismiss; GRANTING IN PART the County's Motion to Dismiss, to the extent that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims; and DISMISSING those state-law claims WITHOUT PREJUDICE and with LEAVE TO REFILE in state court.

DATED this 30th day of June, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge